STATE OF NEBRASKA, APPELLANT, V.
CINDY MATOUSEK, APPELLEE.

299 N.W.2d 432

Filed December 4, 1980.  No. 43695.

· Vincent Valentino, York County Attorney, for appellant.

George E. Brugh for appellee.

Heard before WHITE, J.

WHITE, J.

On April 2, 1980, defendant was charged with unintentionally causing the death of another while engaged in the operation of a motor vehicle, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1978), driving under the influence of alcoholic liquor or drug, or Neb. Rev. Stat. § 39-669.01 (Reissue 1978), reckless driving. Defendant filed a motion to suppress evidence, specifically the test results of blood samples taken from defendant. After a hearing on the motion, the court ordered that blood samples taken from defendant on January 16, 1980, be suppressed as inadmissible evidence against the defendant. The State has appealed this order pursuant to Neb. Rev. Stat. § 29-824 (Re-

issue 1979). The order of the District Court suppressing the evidence is reversed and remanded.

At the hearing in April 1980, testimony was offered concerning defendant's state of consciousness immediately after the accident and at the time the blood samples were taken. This testimony, along with affidavits of people present at the scene of the accident and at the hospital, was offered at the hearing on defendant's motion to suppress.

The court received this evidence but granted the motion on the ground that the blood had not been taken at the direction of a physician. Neb. Rev. Stat. § 39-669.09 (Reissue 1978) replaced the statute requiring such blood samples to be taken under the direction of a physician and that requirement has been repealed. For this reason, the order of the District Court is reversed.

Defendant, however, urges this court to consider other factual issues which may be determinative in deciding to suppress or allow this evidence. The question is one of fact: Was the defendant conscious and coherent at the time the blood was taken? Because the District Court did not decide this issue, it is remanded for resolution pursuant to Neb. Rev. Stat. §§ 39-669.08 and 39-669.10 (Reissue 1978).

REVERSED AND REMANDED.